Connolly, J.
Plaintiff, Sin H. Choo, M.D. (Dr. Choo) brings this action against defendant Suzanne F. Stoltmann (Ms. Stoltmann) for declaratory judgment, breach of fiduciary duty, conversion, misrepresentation, and to obtain an accounting of partnership funds. Ms. Stoltmann moves to dismiss or, in the alternative, for summary judgment on the grounds that Dr. Choo does not have standing to unilaterally bring this action relating to his partnership with Dr. Henry M. Stoltmann without the approval, consent or authorization of Dr. Stoltmann. Dr. Choo opposes the motion claiming that the complaint does not seek recovery for wrongs committed by Ms. Stoltmann against the partnership and there is no requirement that Dr. Choo bring this action in the name of the partnership or obtain Dr. Stoltmann’s consent. Based on the following, Ms. Stoltmann’s motion is denied.
BACKGROUND
Dr. Choo and Dr. Stoltmann entered into a Partnership Agreement (the Agreement) in 1987. The partnership employed Ms. Stoltmann, Dr. Stoltmann’s wife, as its bookkeeper. Ms. Stoltmann’s responsibilities included supervision of office personnel; collection of partnership accounts receivable; the payment and management of all partnership accounts payable; the making of deposits to and payments from partnership bank accounts; the preparation and maintenance of partnership tax and financial records; the preparation and maintenance of payroll records; the regulation and recording of transactions affecting the partners’ capital accounts; and the general maintenance of partnership accounts and ledgers.
On or about April 29, 1994, Dr. Choo gave written notice to Dr. Stoltmann terminating the partnership effective August 1, 1994. After Dr. Choo gave notice terminating the partnership, Dr. Choo and Dr. Stoltmann established a checking account at the First National Bank of Boston (the Dissolution Account) to wind up partnership affairs.
Dr. Choo now claims that Ms. Stoltmann has breached her fiduciary duty to him; has converted funds rightfully belonging to Dr. Choo; and has made misrepresentations to Dr. Choo by falsifying partnership books and records. Dr. Choo seeks an accounting for all partnership funds and also seeks a declaratory judgment as to the rights, duties, status, and legal relations of Dr. Choo and Ms. Stoltmann.
DISCUSSION
Dr. Choo brings this action in his individual capacity and not on behalf of the partnership. Although the complaint alleges improprieties on the part of Ms. Stoltmann in connection with her work for the partnership, nothing in the partnership agreement prohibits Dr. Choo from bringing this suit.
Article IV of the agreement states:
All decisions, approvals, consents, or authorizations of the Partners shall require the unanimous concurrence or approval of both Partners, except as otherwise provided in this agreement.
This clause refers to decisions of the partners, thus it follows that it concerns decisions of the partnership. Dr. Choo did not make the decision to bring this suit on behalf of the partnership or on behalf of himself and Dr. Stoltmann together, thus such decision did not require Dr. Stoltmann’s approval under this clause.
Ms. Stoltmann argues that Article 13.9 requires arbitration of a dispute between the partners as to whether to bring a suit like the one in question. Article 13.9 states:
In the event of any dispute or controversy arising in connection with the performance of the terms and provisions of this Agreement. . . such controversy shall be resolved by arbitration . . .
The dispute at issue here is between Dr. Choo and Ms. Stoltmann, in her capacity as a bookkeeper. The dispute did not arise in connection with the terms and provisions of the agreement, but rather arose as a result of Ms. Stoltmann’s alleged breach of fiduciary duty.
Accordingly, the terms of the agreement do not bar Dr. Choo from bringing suit in his individual capacity against Ms. Stoltmann. Furthermore, the agreement does not require Dr. Choo to bring this action in the name of the partnership.
Ms. Stoltmann also argues that, under common law, partnership claims must be brought in the name *96 of all of the partners, individually. See Shapiro v. Budish, 275 Mass. 120, 126 (1931) (with certain exceptions, all partners must be parties to a suit involving partnership rights). This suit, however, does not involve partnership rights or partnership claims. The complaint does not seek recovery for wrongs committed against the partnership, but rather against Dr. Choo, individually.
Dr. Choo’s claims stem from the alleged fiduciary duty owed to him individually by Ms. Stoltmann. See Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 513 (1989) (just as attorney for a partnership owes a fiduciary duty to each partner, an attorney for a close corporation may owe a fiduciary duly to individual shareholders); see also Warsofsky v. Sherman, 326 Mass. 290, 292 (1950) (the circumstances which may create a fiduciary relationship are so varied that it would be unwise to attempt formulation of any comprehensive definition).
Accordingly, Dr. Choo’s claims arising out of Ms. Stoltmann’s alleged breach of fiduciary duty, alleged conversion of funds rightfully belonging to him individually and alleged misrepresentation in disguising payments of her personal funds and Dr. Stoltmann’s nonpartnership debts as expenses in the partnership books, do not require the consent of Dr. Stoltmann nor are such claims subject to arbitration under the agreement.
Furthermore, under G.L.c. 108A, §§19, 22, Dr. Choo is entitled to a formal account as to partnership affairs whenever circumstances render it just and reasonable and he shall at all times have access to and may inspect and copy any of the partnership books. See G.L.c. 108A, §§19, 22.
ORDER
Based on the foregoing, defendant Suzanne F. Stoltmann’s motion to dismiss[1] is DENIED.

As defendant relied only on the pleadings and partnership agreement and not on any other attested to evidence, the motion is treated as a motion to dismiss.